UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

ANNETTE REEL,

       Plaintiff,

       v.                                      Case No. 99-C-621

JO ANNE B. BARNHART,
Commissioner, Social Security Administration,

       Defendant.

───────────────────────────────────────────────

## O R D E R

Before the court is plaintiff Annette Reel's application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §§ 2412, *et seq.* For the reasons that follow, the court will grant the application in full.

## FACTUAL BACKGROUND

In March 1998, an Administrative Law Judge (ALJ) conducted a hearing for the purpose of determining whether Reel was disabled, and if so, for how long. In a decision dated June 26, 1998, the ALJ concluded Reel was not disabled. The Appeals Council denied review in March 1999, and the ALJ's decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(h).

Reel sought judicial review of that decision in this court, but before the court reviewed the merits of that decision, the Commissioner moved the court to remand the case for further proceedings, conceding the ALJ failed to look at

certain material evidence. On November 22, 2000, the court remanded the case pursuant to Sentence Six of § 405(g) for further consideration of new evidence.

In July 2001, a different ALJ conducted a hearing, and in a decision dated November 29, 2001, concluded Reel was not disabled. The Appeals Council reviewed that decision, and in its own decision dated November 23, 2002, it concluded Reel was disabled after February 13, 2000, but not before. The Appeals Council supported its conclusion that Reel was not disabled before February 13, 2000, by adopting, without further explanation, the findings and conclusions from the ALJ's June 26, 1998 decision. The Appeals Council did not adopt any of the findings and conclusions from the ALJ's November 29, 2001 decision.

Reel sought judicial review of the Commissioner's decision finding she was not disabled prior to February 13, 2000, pursuant to § 405(g) on the ground the Appeals Council's decision was not supported by substantial evidence and was legally erroneous. The Commissioner conceded the Appeals Council's decision contained fatal articulation errors, and she moved the court to remand the case for further proceedings. Reel also requested the court remand the case, but for an award of benefits, not further proceedings. In a decision dated October 26, 2004, this court remanded the case for further proceedings pursuant to Sentence Four of § 405(g).

On January 12, 2005, Reel filed an application for attorney's fees pursuant to the EAJA.

DISCUSSION

The EAJA provides a private, prevailing party in a civil action against the United States is entitled, in certain circumstances, to an award of attorney fees and costs. 28 U.S.C. §§ 2412(b)(1)(A) and (B). Section 2412(d)(1)(B) requires a conforming application for fees be filed with the district court by a prevailing party within thirty (30) days after the judgment in the action becomes final. Section 2412(d)(1)(B) reads in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B). Section 2412(d)(1)(A) provides attorney's fees and other costs be awarded to a prevailing party when the court concludes the United States' position was not substantially justified or special circumstances exist making an award unjust. Section 2412(d)(1)(A) reads in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than

> cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, the court may grant an application for attorney's fees under the EAJA only when the following four elements are satisfied: (1) a fee application is submitted to the court within thirty (30) days of final judgment; (2) the fee application conforms to the requirements of the EAJA; (3) the United States' position was not substantially justified; and (4) no special circumstances exist which make an award unjust. *See Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990); *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (citing §§ 2412(d)(1)(A) and (B)).

The first element requires the application for fees be filed with the court within thirty (30) days after the judgment in the action becomes final. 28 U.S.C. § 2412(d)(1)(B). The term "judgment" under § 2412(d)(1)(B) refers to "a judgment of a court of law that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). A judgment is "final" within the meaning of § 2412(d)(1)(B) once the time to appeal has expired. *Id.*; *see also* 28 U.S.C. § 2412(d)(2)(G). Under Fed. R. App. P. 4(a)(1)(B), "[w]hen the United States or its officer or agency is a party, the notice

of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." *Id.* A judgment is considered "entered" for purposes of Fed. R. App. P. 4(a)(1)(B) once it has been entered pursuant to Rule 58 of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(1), (7). Thus, when there is no appeal, a judgment becomes final sixty (60) days after the court enters a judgment in compliance with Rule 58. Once the judgment is final, the EAJA's thirty (30) day clock starts to tick. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Here, it appears the plaintiff's application is timely filed. The court's October 24, 2005 order was a judgment within the meaning of § 2412(d)(1)(B) because it terminated the action by reversing the decision of the Commissioner and remanding the case pursuant to Sentence Four. *Schaefer*, 509 U.S. at 299 ("a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision") (emphasis in original) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)). The court entered judgment in compliance with Rule 58 that same day. The Commissioner did not appeal the judgment, so it became final within the meaning of the EAJA on or about December 24, 2004, which is approximately sixty (60) days from October 24, 2004. Thus, the EAJA's thirty (30) day clock began to tick on December 25,

-5-

2004, and it continued to tick for approximately seventeen (17) days until January 12, 2005, the date Reel filed her application. Thus, according to the court's calculations, the plaintiff filed her application within thirty (30) days of the final judgment in this action. As such, the first element is satisfied.

The second element is satisfied when the application for fees conforms to the requirements of § 2412(d)(1)(B). A fee application conforms to the requirement of § 2412(d)(1)(B) when it (1) shows the claimant is a prevailing party; (2) alleges the position of the United States was not substantially justified; and (3) includes an itemized statement stating the actual time expended and the rate at which the fees or other expenses were computed. 28 U.S.C. § 2412(d)(1)(A). A claimant is a "prevailing party" within the meaning of §§ 2412(d)(1)(A) and (B) when she has "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (quoting *Nadeau v. Helgomoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

Here, it appears the plaintiff submitted a conforming application. The plaintiff became a prevailing party within the meaning of §§ 2412(d)(1)(A) and (B) once the court reversed the Commissioner's decision and remanded the case pursuant to Sentence Four. *Schaefer*, 509 U.S. at 302 ("[o]btaining a sentence-

-6-

four judgment reversing the Secretary's denial of benefits certainly meets [the description of a prevailing party]"). The plaintiff's application alleges the position of the United States was not substantially justified, and her attorney submitted an itemized statement setting forth the actual time expended and the rate at which the fees or other expenses were computed. As such, the second element is satisfied.

The third element is satisfied when the court finds the "position of the United States" was not "substantially justified" within the meaning of § 2412(d)(1)(A). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). "[T]he government bears the burden of proving that its position meets the substantially justified standard." *Hallmark*, 200 F.3d at 1079. Whether such a showing is made is within the sound discretion of the district court. *See Pierce v. Underwood*, 487 U.S. 552, 563 (1988). "[T]here is no presumption that a prevailing party against the government will recover attorney's fees under the EAJA." *Hallmark*, 200 F.3d at 1079 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (1994)).

The "position of the United States" is defined as "the position taken by the United States in the civil action" as well as "the action or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(d)(2)(D). Thus, the "position of the United States" in a civil action encompasses both the prelitigation position of the United States as well as its litigation position. *Jean*, 496 U.S. at 159; *Marcus*, 17 F.3d at 1036. The prelitigation position concerns the "action or inaction" on the part of the United States "that gave rise to the litigation in district court." *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). In the social security context, the prelitigation position includes the benefits determination of the ALJ and any subsequent determination by the Appeals Council. *See id.* Such proceedings are designated "prelitigation" because the United States is not represented by counsel. *See id.* The litigation position, again in the social security context, refers to the Department of Justice's contentions on behalf of the agency in a subsequent civil action in district court. *See Jean*, 496 U.S. at 159. Although the district court, in the course of determining whether the position of the United States is substantially justified, must examine both its prelitigation and litigation positions, it makes only one overall determination as to the substantial justification of the United States'

-8-

position for the entire civil action. *Cummings*, 950 F.2d at 496 (citing *Jean* 496 U.S. at 159).

The court examines the prelitigation and litigation position of the United States when making its overall determination as to whether the position of the United States is substantially justified so the government cannot escape liability for attorney fees, for instance, by adopting a reasonable position during the litigation even though an unjustifiable agency action forced the parties to litigate in the first place. *See id.* at 160 (quoting H. R. Rep. No. 98-992, pp. 9, 13 (1984)); *see also Hallmark*, 200 F.3d at 1081. Stated differently, the court makes sure the United States was "substantially justified in continuing to push forward at *each* stage" of the civil action before making any final determination as to whether the position of the United States was substantially justified so it can be sure the government was justified in taking the case as far as it did. *Hallmark*, 200 F.3d at 1081 (emphasis added).

The EAJA does not define the phrase "substantially justified," but the Supreme Court has defined it as meaning "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. By adopting this definition, the Court cabined the phrase as meaning something less than "justified to a high degree" but more than "merely

-9-

undeserving of sanctions for frivolousness." *Id.* at 565-66. The Court explained under this definition, the position of the United States "can be justified even though it is not correct, and we believe it can be substantially (*I. e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law or fact." *Id.* at 565 n.2. The Seventh Circuit has simplified the test for substantial justification by posing the following question: Did the United States have a rational ground for thinking it had a rational ground for taking its position? *See Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

Here, the court concludes the position of the United States was *not* substantially justified, and it arrives at this conclusion after examining both the prelitigation and litigation position of the United States. The prelitigation position of the United States concerns the ALJ's denial of disability benefits and the Appeals Council's refusal to review the ALJ's decision. Thus, the position of the United States during the prelitigation stage can be justified only if a reasonable person could believe both the ALJ *and* the Appeals Council had reasonable grounds for believing the ALJ's decision was supported by substantial evidence. The court does not believe a reasonable person could form such a belief.

The litigation position of the United States concerns its contentions during the litigation before this court. In this case, the United States did not take the position that the Commissioner's final decision (*i.e.*, the Appeals Council's decision) was supported by substantial evidence. However, an examination of both the prelitigation and litigation position of the United States in this case leaves the court with the inescapable conclusion that the "position of the United States" in this civil action was not "substantially justified" within the meaning of § 2412(d)(1)(A). As such, the third element is satisfied.

The fourth element requires that the court determine no special circumstances exist which make an award unjust. Here, the Commissioner does not argue any such circumstances exist, and the court is unaware of any. As such, the fourth element is satisfied. Because each of the four elements is satisfied, the court concludes the plaintiff is entitled to an award of attorney's fees under the EAJA.

As a final matter, the court must determine whether the amount requested in the plaintiff's application is reasonable. The plaintiff's application requests $13,524.36 in attorney's fees and costs for 94.00 hours of work performed during the years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, at a rate of $133.74,

-11-

$138.03, $141.65, $143.90, $146.02, and $149.73 per hour for each respective year.

Here, the court concludes the amount requested is reasonable in light of the facts and circumstances of this case. The Commissioner partially disagrees. The Commissioner believes it would be unreasonable to award Reel attorneys fees for the 15 hours he spent drafting briefs in opposition to the Commissioner's motion to remand her case for further proceedings. The court cannot agree. The Commissioner's serious mishandling of the case during the prelitigation stage gave rise to a colorable issue concerning whether a remand for an award of benefits rather than for further proceedings was warranted. As such, it was perfectly reasonable for Reel to raise and fully litigate this issue.

The Commissioner believes Reel's attorney spent too much time litigating before the Appeals Council following the second unfavorable ALJ decision. However, the Commissioner does not explain why the time Reel's attorney spent litigating the matter was excessive, and she does not explain how Reel's attorney might have litigated the matter in less time. As such, the court is in no position to adopt the Commissioner's belief.

-12-

The Commissioner believes Reel spent too much time drafting a motion for a sentence six remand. However, the court cannot conclude it was excessive and unreasonable, under the circumstances, to spend 3 hours drafting that motion.

Finally, the Commissioner believes Reel's attorney should not be awarded fees for performing tasks which are not traditionally performed by attorneys, but oddly, she fails to direct the court to a single entry on Reel's attorney's time sheet where fees were charged for the performance of non-attorney work. As such, the Commissioner fails to show Reel's attorney will collect fees for non-attorney work if the court grants his application.

Accordingly,

IT IS ORDERED that the plaintiff's application pursuant to the EAJA (Docket # 50) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the plaintiff be awarded $13,524.36 in total fees and costs.

Dated at Milwaukee, Wisconsin, this  28th  day of July, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge